**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **KELDRIC WALKER THOMAS, #30757-177,** | ) | |
| **Petitioner/Movant,** | ) | |
| | ) | |
| **v.** | ) | **3:07-CV-0691-N** |
| | ) | **(3:03-CR-0174-N(01))** |
| **UNITED STATES OF AMERICA,** | ) | **ECF** |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a motion to vacate, set aside or correct sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Parties: Movant is presently confined at FCI Williamsburg, Salters, South Carolina. The Court did not issue process in this case pending preliminary screening.

Statement of the Case: Movant was named in a three-count indictment which charged him with being a felon in possession of a firearm (Count 1), possession of a firearm in furtherance of a drug trafficking crime (Count 2), and possession of cocaine base with intent to distribute (Count 3). *See United States v. Thomas*, 3:03cr174-N(01) (N.D. Tex., Dallas Div.). Without the benefit of a plea agreement, Movant pled guilty to Counts 2 and 3 of the indictment. On October 28, 2003, The District Court entered judgment assessing punishment at sixty months

imprisonment on Count 2, 123 months imprisonment on Count 3, to run consecutively, and a

five-year term of supervised released. The remaining count was dismissed on the Government's

motion. On direct appeal, the Fifth Circuit affirmed Movant's conviction and sentence. *See*

*United States v. Thomas*, No. 03-11174 (5th Cir. Dec. 15, 2005). The Supreme Court denied a

petition for writ of certiorari on Apr. 17, 2006. *See* No. 05-9674.

In this timely § 2255 motion Movant alleges ineffective assistance of trial and appellate

counsel.[1]

<u>Findings and Conclusions</u>: Rule 4(b), of the Rules Governing Section 2255 Proceedings

for the United States District Courts provides in pertinent parts as follows:

> If it plainly appears from the motion, any attached exhibits, and attached exhibits,
> and the record of prior proceedings that the moving party is not entitled to relief,
> the judge must dismiss the motion and direct the clerk to notify the moving party.

As set out more fully below, Movant is not entitled to collateral relief in this case.

Therefore, his § 2255 motion should be summarily dismissed.

To establish ineffective assistance of counsel in the context of a guilty plea, a

defendant/movant must demonstrate (1) that counsel's performance was deficient, and (2) that

there is a reasonable probability that, but for counsel's errors, defendant would not have pled

guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985);

*Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *United States v. Payne*, 99 F.3d 1273,

1282 (5th Cir. 1996). A court need not address both components of this inquiry if the defendant

---

[1] For purposes of this recommendation, the § 2255 motion is deemed filed on April 16, 2007, the date on which Movant presumably placed it in the prison mail. See *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing)).

makes an insufficient showing on one. *Strickland*, 466 U.S. at 697.

Movant alleges counsel rendered ineffective assistance in connection with Count 2 (possession of a firearm in furtherance of a drug trafficking crime), when he failed to interview two witnesses, Denise McDonald and cousin Menecia Wells, who he claims would have testified that Movant was not engaged in a drug transaction at the time the police officers approached the car. (*See* § 2255 Mot. at 6-7, Memorandum at 7-8). Movant explains that he was leaning against the driver side door talking to Wells and McDonald when the officers approached. (Memorandum at 7, and McDonald's affidavit attached to motion requesting permission to file affidavit filed April 20, 2007). McDonald was allegedly "experiencing car trouble and was handing Movant her car keys so that he could pick her car up later and take it for repairs." (*Id.*). As soon as the officers appeared and began screaming, Movant panicked, knowing that he possessed crack cocaine and a firearm. (*Id.*). He, thus, began to run to avoid apprehension. (*Id.*). "Movant's reason for running was not because he had been in the act of selling drugs . . . [b]ut instead because he understood that in the neighborhood that he was in, the police always search people that they detain." (*Id.*).

Movant argues that if counsel had "interviewed his witnesses and further investigated the facts surrounding Movant's arrest[,] he would have discovered evidence that provided a reasonable doubt as to what the officers allegedly observed. (Memorandum at 8). "[A]rmed with this evidence Movant would not have plead[ed] guilty to the § 924(c) count of the indictment, but instead [would have] proceeded to trial." (*Id.*).

The record clearly demonstrates the absence of any basis to interview the witnesses named in the § 2255 motion. At his re-arraignment before Magistrate Judge Stickney, and after being placed under oath, Movant confirmed the accuracy of the factual resume which he had

3

previously signed on July 22, 2003.  *See* Re-arraignment transcript at 17-18.  In pertinent part the factual resume stated that Dallas Police Officers observed Movant engage in a hand to hand drug transaction, and that, when they attempted to detain Movant, he fled on foot.  During the ensuing chase, Movant threw a firearm under a parked vehicle, and then a brown sack containing numerous smaller baggies with a rock like substance.  *See* Factual Resume at p. 2-3 (Docket # 20 in 3:03cr174-N(01)).

"Ordinarily a defendant will not be heard to refute his testimony given under oath." *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985).  "'Solemn declarations in open court carry a strong presumption of verity,' forming 'formidable barrier in any subsequent collateral proceedings.'  *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)."  *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

The allegations asserted in the § 2255 motion are in direct contradiction to the facts admitted by Movant while under oath at his re-arraignment.  Clearly counsel had no reason to interview witnesses whose testimony was refuted by his client's own statements.

Movant's conclusory claim that his guilty plea to Count 2was not voluntary  (*see* § 2255 motion at 6) is likewise foreclosed by his testimony at the re-arraignment hearing wherein he specifically denied that any one had mentally, physically or in any other way attempted to force him to plead guilty, and wherein he conceded committing each offense.  *See* Re-arraignment Tr. at 12-14, 18.

Movant cannot establish that his counsel's performance was deficient, and that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.  Accordingly, Movant's claim of ineffective assistance of counsel should be denied.

Next Movant asserts that his appellate counsel rendered ineffective assistance when he failed to raise on direct appeal and on petition for writ of certiorari that, under the now advisory guidelines, the district court had the discretion to refuse to consider the 100-to-1 crack/powder cocaine ratio in imposing his sentence. In support, Movant cites the 2007 decision in *United States v. Pickett*, 475 F.3d 1347 (D.C. Cir. Feb. 13, 2007), *pet. for cert. filed* (Aug. 20, 2007), in which the Circuit Court for the District of Columbia held that the trial court committed legal error by refusing to consider the 100-to-1 crack/powder cocaine ratio in light of the statutory sentencing factors. *Id.* The *Pickett* decision raises an issue which could potentially represent a change in the law. The United States Supreme Court is presently considering whether a district court can address the impact of the 100-to-1 crack/powder cocaine ratio in deciding which sentence to impose. *See United States v. Kimbrough*, 174 Fed. Appx. 798 (4th Cir. 2006), *cert. granted*, 127 S. Ct. 2933 (Jun. 11, 2007); *see also United States v. Leatch*, 482 F.3d 790, 791 (5th Cir. Mar. 22, 2007) (vacating and remanding because district court lacked discretion to deviate from 100:1 ration based solely on its belief that policies underpinning ratio were misguided and unfair), *pet for cert. filed* (Jun. 21, 2007).[2]

Generally, counsel is not ineffective for failing to anticipate future changes in the law; counsel is not required to be clairvoyant. *See United States v. Cooks,* 461 F.2d 530, 532(5th Cir. 1972); *see also Lucas v. Johnson,* 132 F.3d 1069, 1078-1079 (5th Cir. 1998); *Green v. Johnson,* 116 F.3d 1115, 1125 (5th Cir. 1997); *Nelson v. Estelle,* 642 F.2d 903, 908 (5th Cir. 1981). Competence, not prescience, is what the constitution requires. Movant's claim of ineffective

---

[2]     The new federal sentencing guidelines, which went into effect on November 1, 2007, also reduce the average sentence for crack cocaine possession. The sentencing commission presently has a public hearing scheduled for November 13, 2007, to consider whether to apply the new guidelines retroactively.

assistance of appellate counsel therefore fails.[3]

RECOMMENDATION:

For the foregoing reasons it is recommended that Movant's motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 be summarily DISMISSED pursuant to Rule 4 of the Rules Governing § 2255 proceedings.

A copy of this recommendation will be mailed to Movant.

Signed this 7th day of November, 2007.

_Wm. F. Sanderson, Jr._

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE</u>

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[3]     Other circuits have likewise concluded that counsel is not required to be clairvoyant.  *See United States v. Bradley,* 400 F.3d 459, 463 (6th Cir. 2005); *United States v. Gonzalez-Lerma,* 71 F.3d 1537, 1542 (10th Cir. 1995); *Green v. United States,* 65 F.3d 546, 551 (6th Cir.1995).